

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

March 13, 2019

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Yelitza Picon v. Brooklyn Gastroenterology and Endoscopy, PLLC*
              Docket No. 18-cv-07936 (AJN)

Dear Judge Nathan:

      As counsel for Defendant, I write to address the parties' settlement and to present the parties' joint request for judicial approval of the Consent Decree enclosed herewith.

      Plaintiff's class action Complaint alleges that Defendant's website is a place of public accommodation which is not accessible to visually disabled persons in violation of the Americans with Disabilities Act, the New York State Human Rights Law and the New York City Human Rights Law. While Defendant does not admit liability, we have reached a settlement with plaintiff individually in order to avoid the cost and inconvenience of litigation. The parties' fully executed settlement agreement – a copy of which is also enclosed - contemplates the filing of the enclosed Consent Decree.[1] We hereby request that the Court approve and so-order the Consent Decree, which we submit is fair and reasonable and in the public interest. *SEC v. Citigroup Global Mkts. Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). The consent decree has been fashioned as a reasonable resolution of the plaintiff's claims. *See, e.g. Yap v. Sumitomo Corp. of* America, No. 88 Civ. 700

---

[1] The amount being paid to plaintiff's counsel for attorneys' fees pursuant to the settlement agreement is set forth in a side letter which is not being filed with the Court as the parties desire to keep that figure confidential.

March 13, 2019
Page 2

(LBS), 1991 U.S. Dist. LEXIS 2124, at *15-16 (S.D.N.Y. Feb. 22, 1991) (weighing factors used to determine if a consent decree is fair and reasonable); *Meyer v. Macmillan Pub. Co.*, No. 78 Civ. 2133 (MEL), 1986 U.S. Dist. LEXIS 27492, at *15-*16 (S.D.N.Y. March 28, 1996) (determining that consent decree is fair, reasonable, adequate and supported by public policy). The Consent Decree is designed to serve as protection for the Defendant against claims by other potential plaintiffs who may come forward to assert similar claims based on the putative access violations that are being addressed and resolved pursuant to this settlement. That has been a recurring problem in similar matters handled by my law firm and others defending these matters around the country.

Counsel for Defendant has settled several other very similar ADA website cases in this Court and in the Eastern District of New York in which the assigned judges have approved virtually identical consent decrees over the past several months. *See Burbon v. Maidpro*, Docket No. 18-cv-6290(JMF) (DE 19); *Mendizabal v. American Self Storage*, Docket No. 17-cv-1004(ALC) (DE 23); *Sypert v. Gefen*, Docket No. 18-cv-4336(GBD) (DE 17); *Sypert v. Pelham Country Club*, Docket No. 18-cv-6496(GBD) (DE 12); *Tucker v. CorePower Yoga*, Docket No. 18-cv-5394(AJN) (DE 17); *Mendez v. Madison York*, Docket No. 18-cv-4947(VSB) (DE 15); *Burbon v. Hometeam*, Docket No. 18-cv-4783(VSB) (DE 20); and *Murphy v. Cos Bar Retail LLC,* Docket No. 1:18-cv-06968(RA) (DE 22).

Thank you for your attention to this matter.

Respectfully,

*Peter T. Shapiro*

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

PTS:rg
Enclosures

cc:   Counsel of Record (via ECF)